IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUTTA DOUGLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| DADE BEHRING INC. and SIEMENS MEDICAL ) | JURY TRIAL DEMANDED |
| SOLUTIONS USA, Inc. d/b/a SIEMENS ) | |
| MEDICAL SOLUTIONS DIAGNOSTICS ) | |
| CORP., ) | |
| Defendants. ) | |

## COMPLAINT

### Parties

1. Plaintiff Jutta Douglas is, and at all times relevant hereto was, a resident of New Castle, Delaware.

2. Defendant Dade Behring Inc. (hereinafter "Dade Behring") is a Delaware corporation whose agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Defendant Siemens Medical Solutions USA, Inc. d/b/a Siemens Medical Solutions Diagnostics Corp. (hereinafter "Siemens") is a corporation whose agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

### Jurisdiction

4. The United States District Court for the District of Delaware has jurisdiction over the parties and the claims by virtue of the pendency of a federal claim under 42 U.S.C. § 12101

et. seq. (The Americans with Disabilities Act) and 29 U.S.C. §621 et seq. (the Age Discrimination in Employment Act) and 28 U.S.C. §§ 1331 and 1343, and under the principles of ancillary and pendent jurisdiction as well as the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

**Facts**

5. Plaintiff Jutta Douglas was an employee of defendant Dade Behring Inc. at the company's Glasgow, Delaware facility beginning in or about April of 1999, and continuing until her termination on or about August 26, 2005; she worked as a para-professional in the legal department.

6. Ms. Douglas's date of birth is September 4, 1938.

7. Defendant Dade Behring Inc. was the object of a tender offer that resulted in its merger or other corporate assimilation into defendant Siemens Medical Solutions USA, Inc. d/b/a Siemens Medical Solutions Diagnostics Corp., which merger or assimilation is believed to have been consummated on or about November 6, 2007.

8. Plaintiff Douglas received outstanding performance reviews for her work during each and every one of the several years of her employment prior to 2005.

9. In 2004, Ms. Douglas's manager at Dade Behring, Cynthia Tymeson, began to make comments to Ms. Douglas suggesting that Ms. Douglas should post for positions outside Ms. Tymeson's department, and further suggested that she did not understand why anyone over the age of sixty-five would wish to continue working (Ms. Douglas had turned sixty-five in 2003).

10. By 2005, it was apparent to Ms. Douglas that she was being drawn into petty squabbles over minor matters with Ms. Tymeson and Ms. Tymeson's colleague Susan Yarc; Ms. Yarc was a paralegal working at Dade Behring's office in Deerfield, Illinois.

11. The petty squabbles that developed, combined with Ms. Tymeson's unwarranted focus on these squabbles and on minor issues related to Ms. Douglas's job, created a hostile atmosphere in which Ms. Douglas suffered stress and, ultimately, cardiac problems that led to the need for time out of work on disability leave.

12. The hostile atmosphere for Ms. Douglas at Dade Behring included unwarranted and unfounded criticisms of Ms. Douglas's work, and the placement of unsupported after-the-fact negative content in her performance review relating to 2004, which was under preparation in early 2005.

13. Ms. Douglas made her concerns about job discrimination and harassment known to Ms. Tymeson and Candace Davis, Esq. of Dade Behring's legal department; in particular, Ms. Douglas asserted that she was being discriminated against on the basis of age and disability.

14. Despite Ms. Douglas's protests and despite Ms. Douglas's lucid and reliable defense of her job performance, Dade Behring, acting primarily through the management of Ms. Tymeson and Ms. Davis, proceeded to terminate Ms. Douglas in a discriminatory and retaliatory fashion, based upon a factual record that was manipulated so as to create the appearance of performance problems that did not, in fact, exist, on or about August 26, 2005, at a time when Ms. Douglas was out on medical leave for cardiac problems.

15. Subsequent to her termination, Ms. Douglas filed charges of discrimination with the Equal Employment Opportunity Commission, leading to receipt of the letter giving her the right to sue, attached hereto as Exhibit A.

## COUNT I
### Violation of the discrimination and retaliation provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

16. Paragraphs 1 to 15 are restated as if more fully set forth herein.

17. The actions of defendant Dade Behring (and, by extension, defendant Siemens) in harassing and terminating Ms. Douglas were motivated by unlawful age discrimination and retaliatory motive, in violation of the federal Age Discrimination in Employment Act.

18. Ms. Douglas has suffered damages as a result of the actions of defendants Dade Behring and Siemens, including lost salary and benefits, damage to her career and reputation, loss of future earning capacity, great mental anguish and embarrassment, and other losses.

## COUNT II
### Violation of the retaliation and discrimination provisions of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

19. Paragraphs 1 to 18 are restated as if more fully set forth herein.

20. Managers and decisionmakers at defendant Dade Behring (and, by extension, defendant Siemens) were aware of Ms. Douglas's stress and cardiac problems, and regarded her as disabled as a result of such stress and cardiac problems.

21. The actions of defendant Dade Behring (and, by extension, defendant Siemens) in harassing and terminating Ms. Douglas were motivated by unlawful disability discrimination and retaliatory motive in that said defendants regarded her as a disabled person when in fact she was not, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

22. Ms. Douglas has suffered damages as a result of the actions of defendant Dade Behring (and, by extension, defendant Siemens), including lost salary and benefits, damage to

her career and reputation, loss of future earning capacity, great mental anguish and embarrassment, and other losses.

## COUNT III
### Violation of Delaware Age and Disabilities Discrimination statute, 19 Del. C. § 711 et seq.

23. Paragraphs 1-22 are restated as if more fully set forth herein.

24. The actions of defendant Dade Behring (and, by extension, defendant Siemens) in harassing and terminating Ms. Douglas were motivated by unlawful age and disability discrimination and retaliatory motive, in violation of the State of Delaware statutory protections against age and disability discrimination in employment, 19 Del. C. § 711 et seq.

25. Ms. Douglas has suffered damages as a result of the actions of defendant Dade Behring (and, by extension, defendant Siemens), including lost salary and benefits, damage to her career and reputation, loss of future earning capacity, great mental anguish and embarrassment, and other losses.

## COUNT IV
### Violation of the Delaware Common Law Covenant of Good Faith and Fair Dealing
### (Falsification of Reasons)

26. Paragraphs 1 to 25 are restated as if more fully set forth herein.

27. The defendant Dade Behring (and, by extension, defendant Siemens) informed Ms. Douglas that she was being terminated based upon certain alleged failures in her job performance, when in fact these reasons were falsified and the true reasons related to age and disability discrimination and/or other hostility or retaliatory motive unrelated to Ms. Douglas's job performance.

28. The actions of defendant Dade Behring (and, by extension, defendant Siemens) constitute a violation of the Delaware common law Covenant of Good Faith and Fair Dealing.

29. Ms. Douglas has suffered damages as a result of the actions of defendant Dade Behring (and, by extension, defendant Siemens), including but not limited to lost salary and benefits, damage to her career and reputation, loss of future earning capacity, great mental anguish and embarrassment, and other losses.

**WHEREFORE,** plaintiff demands that judgment be entered in her favor against defendants on the above claims, including awards of compensatory damages, punitive damages, costs of suit, interest, attorneys' fees under any appropriate or relevant statutory or common law basis, and such other and further relief as this Court may deem appropriate.

PLAINTIFF JUTTA DOUGLAS

By: Herbert G. Feuerhake, Esq. #2590
521 West Street
Wilmington, Delaware 19801
(302) 658-6101
herblaw@verizonmail.com
Attorney for Plaintiff

DATE: November 30, 2007

# Exhibit A

Case 1:07-cv-00781-GMS    Document 1    Filed 11/30/2007    Page 7 of 8

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Jutta Douglas
42 Marlborough Court
New Castle, DE 19720

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-03644 | Legal Unit | (215) 440-2828 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible

On behalf of the Commission

_____    September 6, 2007
Marie M. Tomasso, District Director    *(Date Mailed)*

Enclosure(s)
   Information Sheet

cc:  Herbert G. Feuerhake, Esq.
     (Attorney for Charging Party)
     DADE BEHRING INC
     Candice Davis, Corporate Counsel

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jutta Douglas

**DEFENDANTS**
Dade Behring Inc and Siemens Medical Solutions USA Inc. a/b/a Siemens Medical Sol. Diag. corp.

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 302-658-6101
Herbert Feuerhake, Esq.
521 West St. Wilm. DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- [X] 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101  29 USC 621
Brief description of cause: Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Money damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___  DOCKET NUMBER ___

DATE 11/30/2007
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __07-781__

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __2__ COPIES OF AO FORM 85.

__11/30/07__
(Date forms issued)

_____
(Signature of Party or their Representative)

__Herbert G. Feinbel for J. H. Dougles__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action