# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUTTA DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 07-781 (GMS) |
| | ) |
| DADE BEHRING, INC. and SIEMENS | )  JURY TRIAL DEMANDED |
| MEDICAL SOLUTIONS USA, Inc. | ) |
| d/b/a SIEMENS MEDICAL | ) |
| SOLUTIONS DIAGNOSTICS CORP., | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Siemens Healthcare Diagnostics Inc., ("Defendant" or "Siemens"), improperly denominated Siemens Medical Solutions USA, Inc d/b/a Siemens Medical Solutions Diagnostics Corp., by and through undersigned counsel, Potter Anderson & Corroon, LLP and Jackson Lewis LLP, answers the Complaint filed by Plaintiff, Jutta Douglas ("Plaintiff") as follows:

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and accordingly it is denied.

2. Denied as stated. Dade Behring, Inc. (hereinafter "Dade Behring") was a Delaware corporation whose agent for service of process was the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Dade Behring was acquired by Defendant, Siemens and no longer exists as an entity.

3. Denied as stated. Defendant, Siemens Healthcare Diagnostics Inc., is a

corporation whose agent for service of process is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## Jurisdiction

4.     Denied. The allegations contained in paragraph 4 constitute conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading. Accordingly, these allegations are denied.

## Facts

5.     Admitted in part and denied in part. Defendant admits that Plaintiff was employed by Dade Behring Inc. at the company's Glasgow, Delaware facility from April, 1999 through late August, 2005. Defendant denies that Ms. Douglas worked as a "para-professional" in the Dade Behring Legal Department. Rather, Ms. Douglas held the position of Senior Administrative Assistant.

6.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and accordingly it is denied.

7.     Defendant admits that Dade Behring Inc. was the subject of a tender offer which resulted in its merger with Siemens Medical Diagnostics Inc. in November, 2007.

8.     Defendant denies the allegations contained in paragraph 8 of the Complaint and demands strict proof thereof at the time of trial.

9.     Admitted in part and denied in part. Defendant admits that Cynthia Tymeson, the then Corporate Counsel working in the Intellectual Property Group for Dade Behring, was Ms. Douglas' manager. Defendant also admits Ms. Tymeson advised Ms. Douglas to consider applying for positions outside of the Legal Department to improve Plaintiff's opportunities to earn more income as Ms. Douglas was approaching the top pay rate for the Senior

Administrative Assistant position. Ms. Tymeson advised Ms. Douglas that to earn a greater salary, Ms. Douglas would have to apply for and be awarded another position outside the Department. Defendant specifically denies that Ms. Tymeson made the age-based remarks alleged in the Complaint and denies the remaining allegations in paragraph 9 of the Complaint.

10. Admitted in part and denied in part. Defendant notes that in calendar year 2005, Dade Behring had directed that the Intellectual Property Group complete several discrete and significant projects which required the cooperation and the collaboration of all individuals within the Legal Department, including Ms. Tymeson, Susan Yarc, Ms. Douglas and others. Accordingly, Defendant specifically denies that there were "squabbles over minor matters" relating to work of the Intellectual Property Group. Defendant also admits that at the time in question, Susan Yarc was the Senior Intellectual Property Paralegal for Dade Behring. Defendant, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10. Accordingly, strict proof thereof is demanded at time of trial.

11. Denied. Defendant specifically denies the allegations contained in this paragraph in their entirety.

12. Denied. Defendant specifically denies the allegations contained in this paragraph in their entirety.

13. Admitted in part and denied in part. Defendant admits that Ms. Douglas alleged that she was the victim of discrimination. Defendant denies that Ms. Douglas was the victim of discrimination. Defendant further denies the remaining allegations contained in paragraph 13. Accordingly, strict proof thereof is demanded at the time of trial.

14.     Denied.  Defendant specifically denies the allegations contained in this paragraph in their entirety.  By way of further answer, Defendant lacks information with regard to the fact and/or extent of Ms. Douglas' alleged cardiac problems and accordingly denies same.

15.     Admitted in part and denied in part.  Defendant admits that Ms. Douglas filed charges of discrimination with the Equal Employment Opportunity Commission.  Defendant further admits the Equal Employment Opportunity Commission ultimately issued a right to sue, a true and correct copy of which is attached as Exhibit A to the Complaint.  Defendant denies that Ms. Douglas had any basis to file such charges.

## COUNT I

### Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq

16.     Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 15 as if more fully set forth herein.

17.     Denied.  Defendant specifically denies that it or any of its managers and supervisors harassed Ms. Douglas and further denies that the termination of her employment was motivated by unlawful age discrimination and retaliatory motive in violation of the Age Discrimination and Employment Act.  Defendant denies that Plaintiff was subjected to any discrimination or unlawful conduct whatsoever.  To the contrary, at all times, Defendant and its agents acted properly.  To the extent that this paragraph contains conclusions of law, to which the Federal Rules of Civil Procedure require no responsive pleading, the allegations are denied.

18.     Denied.  By way of further answer, to the extent that the allegations contained in paragraph 18 constitute conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading, the allegations are denied.

## **COUNT II**

### **Violation of the retaliation and discrimination provision of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.**

19.     Defendant incorporates by reference its answers to the allegations contained in paragraph 1 through 18 as if more fully set forth herein.

20.     Admitted in part and denied in part. Defendant admits that Ms. Douglas advised Ms. Tymeson in 2001 that her "chest was tight." Subsequently, in 2005, Ms. Douglas advised Ms. Tymeson that she was seeking care for "cardiac issues." Defendant lacks information as to whether Ms. Douglas actually suffered cardiac or other medical problems. In any event, at no time did the Defendant or its representatives "regard [Ms. Douglas] as disabled" within the meaning of the Americans with Disabilities Act.

21.     Denied. Defendant specifically denies that it or any of its managers and supervisors harassed Ms. Douglas and further denies that the termination of her employment was motivated by unlawful disability discrimination and retaliatory motive in violation of the Americans with Disabilities Act. Defendant denies that Plaintiff was subjected to any discrimination or unlawful conduct whatsoever. To the contrary, at all times, Defendant and its agents acted properly. To the extent that this paragraph contains conclusions of law, to which the Federal Rules of Civil Procedure require no responsive pleading, the allegations are denied.

22.     Denied. By way of further answer, to the extent that the allegations contained in paragraph 22 constitute conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading, the allegations are denied.

## COUNT III

**Violation of Delaware Age and Disabilities Discrimination statute, 19 Del. C § 711. et seq.**

23.     Defendant incorporates by reference its answers to the allegations contained in paragraph 1 through 22 as if more fully set forth herein.

24.     Denied.  Defendant specifically denies that it or any of its managers and supervisors harassed Ms. Douglas and further denies that the termination of her employment was motivated by unlawful age and disability discrimination and retaliatory motive in violation of the Delaware Discrimination in Employment Act and/or the Handicapped Persons Employment Protections Act.  Defendant denies that Plaintiff was subjected to any discrimination or unlawful conduct whatsoever.  To the contrary, at all times, Defendant and its agents acted properly.  To the extent that this paragraph contains conclusions of law, to which the Federal Rules of Civil Procedure require no responsive pleading, the allegations are denied.

25.     Denied.  By way of further answer, to the extent that the allegations contained in paragraph 25 constitute conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading, the allegations are denied.

## COUNT IV

**Violation of the Delaware Common Law Covenant of Good Faith and Fair Dealing (Falsification of Reasons)**

26.     Defendant incorporates by reference its answers to the allegations contained in paragraph 1 through 25 as if more fully set forth herein.

27.     Denied.

28.     Denied.

29. Denied. By way of further answer, to the extent that the allegations contained in paragraph 29 constitute conclusions of law to which the Federal Rules of Civil Procedure require no responsive pleading, the allegations are denied.

**WHEREFORE**, Defendant, Siemens Healthcare Diagnostics Inc., respectfully requests that the Complaint be dismissed with prejudice and that judgment be rendered in its favor and against Plaintiff, Jutta Douglas, along with attorneys' fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims for age discrimination, retaliation, and/or harassment in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621-634, exceed the scope of a Charge of Discrimination filed by Plaintiff against Dade Behring and/or Siemens, those claims are barred because the Court lacks jurisdiction over such claims and Plaintiff has failed to meet the procedural and/or administrative prerequisites for bringing those claims.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for conduct allegedly occurring more than 300 days prior to the filing of her Charge of Discrimination with the EEOC, some or all of her ADEA claims are barred by the applicable provisions of 29 U.S.C. § 626(d). Correspondingly, to the extent Plaintiff seeks relief for conduct allegedly occurring more than 300 days prior to the filing

of her Charge of Discrimination with the EEOC, some or all of her claims under the Americans with Disabilities Act are barred by the applicable provisions of 42 U.S.C. § 12101 *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for conduct allegedly occurring more than 180 days prior to the filing of her Charge of Discrimination with the EEOC, some or all of her ADEA claims are barred by the applicable provisions of 29 U.S.C. § 626(d).  Correspondingly, to the extent Plaintiff seeks relief for conduct allegedly occurring more than 180 days prior to the filing of her Charge of Discrimination with the EEOC, some or all of her claims under the Americans with Disabilities Act are barred by the applicable provisions of 42 U.S.C. § 12101 *et seq*.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks relief for conduct allegedly occurring more than 120 days prior to the filing of her Charge of Discrimination under the Delaware Discrimination in Employment Act and/or the Handicapped Persons Employment Protections Act, such claims are barred pursuant to 19 Del. C. § 712.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination on the basis of age in violation of the ADEA are barred because Defendant's actions with respect to Plaintiff have been in all respects motivated and justified by legitimate business considerations and reasonable factors other than age within the meaning of and as allowed by 29 U.S.C. § 623(f)(1).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim of discrimination on the basis of age in violation of the ADEA is barred because Defendant's actions with respect to Plaintiff have been in all respects for good cause within the meaning of and as allowed by 29 U.S.C. § 623(f)(3).

**NINTH AFFIRMATIVE DEFENSE**

To the extent that any of Plaintiff's claims for disability discrimination, retaliation, and/or harassment in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. and/or the Handicapped Persons Employment Protections Act, exceed the scope of a Charge of Discrimination filed by Plaintiff against Dade Behring and/or Siemens, those claims are barred because the Court lacks jurisdiction over such claims and Plaintiff has failed to meet the procedural and/or administrative prerequisites for bringing those claims.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not a qualified individual with a disability under the Americans with Disabilities Act and/or the Handicapped Persons Employment Protections Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims any decisions affecting her were made based upon age and/or perceived disability, which is denied, Defendant states that the same decisions were or would have been made for legitimate, non-discriminatory reasons.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks liquidated damages for alleged discrimination on the basis of age and/or perceived disability, her claim is barred because Defendant has not willfully violated the ADEA or the ADA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims of discrimination, retaliation, and/or harassment on the basis of age and/or perceived disability are barred because Defendant's actions with respect to Plaintiff were lawful and in no way motivated by age or disability or any other protected characteristic.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the Delaware Discrimination in Employment Act and/or the Handicapped Persons Employment Protections Act are barred by Plaintiff's election of federal remedies and a federal forum.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for wrongful discharge in retaliation for complaining about alleged discrimination is barred because Plaintiff cannot establish a causal connection between her alleged protected activity and the decision to terminate her employment.  Defendant's actions have been in all respects for legitimate, non-discriminatory and non-retaliatory business reasons and, as such, are not unlawful.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks compensatory and punitive damages for alleged discrimination on the basis of age, her claims are barred because such damages are not available under the ADEA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages under the Americans with Disabilities Act violate Defendant's protection from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process, and denial of equal protection of the law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages under state law, if any, are barred because Defendant's actions with respect to Plaintiff have in all respects been lawful and do not support an award of punitive damages under state law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged discrimination, retaliation and/or unlawful treatment is inconsistent with Defendant's good faith efforts to educate and train its workforce about the requirements of federal and state antidiscrimination laws.

### TWENTIETH AFFIRMATIVE DEFENSE

While Defendant denies that any of its employees engaged in any of the illegal conduct that Plaintiff asserts was directed at her, if any of Defendant's employees committed such acts, Plaintiff's claims against Defendant fail because the conduct was not authorized, adopted or ratified by Defendant and the Company cannot be held responsible under the theory of respondent superior.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for violation of the Delaware Common Law Covenant of Good Faith and Fair Dealing fails to state a claim for which relief may be granted, as the Delaware Discrimination in Employment Act and/or the Handicapped Persons Employment Protections Act provide the sole remedy for any such claims under the circumstances of this case.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to mitigate any alleged damages, those damages must be reduced.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is frivolous, unreasonable and without foundation, thereby entitling Defendant to an award of attorneys' fees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation in the Complaint which is not admitted,

denied or otherwise specifically addressed herein.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

**WHEREFORE**, Defendant, Siemens Healthcare Diagnostics Inc. prays:

the Complaint be dismissed with prejudice with costs assessed against Plaintiff, Jutta Douglas;

that Siemens be awarded its reasonable attorneys' fees for having to defend this action; and

Siemens be awarded such other and general relief as may be appropriate in this matter.

## JURY DEMAND

Defendant, Siemens Healthcare Diagnostics Inc. demands a trial by jury of this action.

POTTER ANDERSON & CORROON, LLP

By  */s/ Jennifer Gimler Brady*

OF COUNSEL:

Maria L. Petrillo, Esquire
JACKSON LEWIS LLP
Three Parkway
Suite 1350
1601 Cherry Street
Philadelphia, Pa. 19102
(267) 319-7806 - Telephone
(267) 528-0691 - Facsimile
petrillm@jacksonlewis.com - Email

Jennifer Gimler Brady (Del. Bar. 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jbrady@potteranderson.com

*Attorneys for Defendant, Siemens Healthcare Diagnostics, Inc.*

Dated:  February 19 2008
849482v1 / 32630

**CERTIFICATE OF SERVICE**

I, Jennifer Gimler Brady, hereby certify this 19th day of February, 2008, that the foregoing **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

>Herbert G. Feuerhake, Esquire
>Law Office of Herbert G. Feuerhake
>521 West Street
>Wilmington, Delaware 19801
>(302) 658-6101 - Telephone
>herblaw@verizonmail.com – Email

>*/s/ Jennifer Gimler Brady*
>Jennifer Gimler Brady (Del. Bar 2874)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, Sixth Floor
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE  19899
>(302) 984-6000 - Telephone
>(302) 658-1192 - Facsimile
>jbrady@potteranderson.com
>
>*Attorneys for Defendant, Siemens Healthcare Diagnostics, Inc.*